# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31121

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2017

Lyle W. Cayce
Clerk

MARK JAMES SAVOY,

Petitioner–Appellant,

versus

HOWARD PRINCE, Warden, Elayn Hunt Correctional Center,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CV-398

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark Savoy, Louisiana prisoner # 580262, moves for a certificate of appealability ("COA") to appeal the denial of his petition under 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31121

§ 2254. Savoy claims that he received ineffective assistance of counsel at trial and on appeal. He also moves for appointment of counsel. To obtain a COA, Savoy must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Savoy's notice of appeal was filed more than 30 days from the entry of the final judgment denying his § 2254 petition; therefore, it is untimely. *See* FED. R. APP. P. 4(a)(1)(A). Though Savoy's notice of appeal was filed within the period for seeking an extension under Federal Rule of Appellate Procedure 4(a)(5)(A)(i), he neither styled the notice as a motion for extension of time nor requested such an extension in the body of the notice.

Savoy's post-judgment motion asking the district court to reconsider the denial of his motion for a COA did not toll the period for filing a timely notice of appeal. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263, n.7 (1978). It also did not render his previously filed notice of appeal dormant until the district court entered its order disposing of the Federal Rule of Civil Procedure 60(b) motion. *See* FED. R. APP. P. 4(a)(4)(B)(i). Because the notice of appeal was untimely, we lack jurisdiction to address the motion for a COA.

Accordingly, the appeal is DISMISSED for want of jurisdiction, the request for a COA is DENIED as MOOT, and the motion for appointment of counsel is DENIED.